UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

==========================================

INJAH TAFARI,

       Petitioner,

 v.               9:12-CV-985 (GLS/ATB)

SUPERINTENDENT,

       Respondent.

==========================================

INJAH TAFARI, Petitioner, *pro se*
ALYSON J. GILL, Ass't Att'y Gen., for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

  Petitioner, Injah Tafari, presently incarcerated at the Upstate Correctional Facility, filed this pro se habeas corpus petition, pursuant to 28 U.S.C. § 2254. The matter was referred for Report and Recommendation by the Honorable Gary L. Sharpe, Chief U.S. District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

  Petitioner states that, in January 2007, he was denied parole and was scheduled to re-appear before the Parole Board two years later in January 2009. (Petit. ¶ 2, Dkt. No. 1). Because of an intervening conviction and consecutive sentence on new criminal charges, which were subsequently vacated, petitioner did not reappear before the Board until February 2010, at which time he was again denied parole, and was scheduled to re-appear in February 2012. (Petit. ¶ 3). Petitioner apparently argues that he was denied due process because the decision granting or denying parole was not made within twenty-four months of the January 2007 hearing, in accordance with

9 N.Y.C.R.R. § 8002.3. (Petit. ¶¶ 4, 7; Petit.'s Mem. of Law at 2, Dkt. No. 1-1). He contends that, at the parole hearing in February 2010, his next appearance before the Board should have been scheduled no later than January 2011, to "credit" him for the 13-month delay between the originally scheduled January 2009 re-appearance and the February 2010 hearing. (Petit. ¶ 4). After a retrial on the new criminal charges, petitioner was convicted and again given a consecutive sentence; this resulted in another recalculation of his parole eligibility date and a parole hearing in May 2011, at which time petitioner was denied parole. (State Court Record, Ex. C, Dkt. No. 10-3).

Petitioner states he has exhausted his state court remedies by filing an administrative appeal to the Division of Parole (Ex. E, Dkt. No. 10-5; Ex. G, Dkt. No. 10-7), and an Article 78 petition (Ex. H, Dkt. No. 10-8), which was denied by the Franklin County Supreme Court on June 7, 2011 (Ex. J, Dkt. No. 10-10). The Appellate Division, Third Department affirmed the judgment dismissing petitioner's Article 78 application on February 9, 2012 (Ex. M, Dkt. No. 10-13), and the New York Court of Appeals denied leave to appeal on May 1, 2012 (Ex. N, Dkt. No. 10-14).[1] (Petit. ¶ 5).

As discussed below, this court finds that the claim raised in the petition is unexhausted, procedurally barred, moot, and does not state a viable federal constitutional basis for relief. Accordingly, this court recommends that the petition be dismissed, in its entirety.

---

[1] *Matter of Tafari v Evans*, 92 A.D.3d 1060, 937 N.Y.S.2d 902 (3d Dept. Feb. 9, 2012), *lv. denied,* 19 N.Y.3d 802, 957 N.Y.S.2d 286 (Table) (N.Y. May 1, 2012).

I.   **Relevant Facts and Procedural History**

Petitioner was convicted on May 4, 1989, in the New York State Supreme Court, Kings County, of two counts of robbery in the first degree, and sentenced, as a persistent violent felony offender, to two concurrent, indeterminate terms of twenty years to life in prison. *Tafari v. Evans*, 36 Misc. 3d 1216(A), 959 N.Y.S.2d 92 (Table) (N.Y. Sup. July 12, 2012). On January 31, 2007, following petitioner's application for parole, a panel of the New York State Division of Parole held a hearing at which petitioner was denied release. (Ex. A, Dkt. No. 10-1). The Parole Board ordered petitioner to be held for another twenty-four months, scheduling him to reappear before the Board in January 2009. (Ex. A. Dkt. No. 10-1 at 2, 21).[2]

Based on new criminal conduct allegedly committed while he was in custody in 2005, petitioner was convicted for assault in the second degree (two counts), assault in the third degree, and criminal mischief in the third degree. He was sentenced, on April 7, 2008, to a determinate prison term of seven years, to run consecutively to his prior sentence. *People v Tafari*, 68 A.D.3d 1540, 891 N.Y.S.2d 711 (3d Dept. Dec. 31, 2009). Based upon the new sentence, the Department of Corrections and Community Supervision (DOCCS) re-computed petitioner's parole eligibility date as April 6, 2014. (Ex. C; Ex. J, Dkt. No. 10-10 at 4). Thus, according to respondent, while petitioner had already appeared before the Board, he was no longer eligible to appear before the Parole Board until the approach of his new eligibility date. (Resp.'s

---

[2] Where an exhibit from the State Court Record consists of more than one document or lacks consistent internal pagination, the court will refer to the page number in the header added by the CM-ECF electronic docketing system.

Mem. of Law at 3-4, Dkt. No. 8).

On December 31, 2009, the Appellate Division, Third Department, reversed petitioner's 2008 conviction and remanded his case back to Supreme Court for a new trial. *People v Tafari*, 68 A.D.3d at 1542. After the reversal, DOCCS recalculated petitioner's parole eligibility date, and he was promptly scheduled for a parole release interview in February 2010. (Ex. C; Ex. J, Dkt. No. 10-10 at 4). On February 16, 2010–13 months after his originally-scheduled second hearing–petitioner appeared before the Parole Board, which again denied his application for release and ordered him held for an additional 24 months. (Ex. D at 13, Dkt. No. 10-4).

Petitioner filed an administrative appeal with the Division of Parole, claiming, *inter alia*, that the actions of the first Board were "unconstitutional" because they denied him parole and held him 37 months until his next hearing, when the Board was only allowed to hold him for 24 months between hearings. Petitioner argued that his next hearing should be scheduled no later than January 2011 because he was entitled to credit for the 13-month "delay" in his second hearing. (Ex. E, Dkt. No. 10-5 at 4).

While petitioner's administrative appeal was pending, he was retried, convicted, and resentenced on the criminal charges arising from his conduct in 2005. On October 1, 2010, petitioner was sentenced to a determinate sentence of four years, plus five years of post-release supervision, to run consecutively to the 1989 sentence. (Ex. F, Dkt. No. 10-6). Following the resentencing, DOCCS once again computed petitioner's parole eligibility date–September 8, 2011–and scheduled his next hearing in May 2011. (Ex. C; Ex. J, Dkt. No. 10-10 at 6-7). As noted above, the Board again

4

denied petitioner parole at the May 2011 hearing.

On October 29, 2010, the Parole Board Appeals Unit administratively affirmed the Parole Board's February 2010 determination, apparently without notice of the petitioner's resentencing on the new criminal charges. (Ex. G, Dkt. No. 10-7). On or about November 30, 2010, petitioner filed, in Franklin County Supreme Court, a pro se petition pursuant to Article 78 of the New York Civil Practice Law and Rules (N.Y.C.P.L.R.), challenging the Parole Board's decision. (Ex. H).

Before the Supreme Court, petitioner again argued that that his next hearing should have been scheduled no later than January 2011 because he was entitled to credit for the 13- month "delay" in his second parole hearing. The only authority that petitioner cited in making this argument was 9 N.Y. Codes Rules and Regulations (N.Y.C.R.R.) § 8002.3(d)–a state regulation which provides that a board decision denying parole should specify a date for reconsideration within 24 months. (Dkt. No. 10-8 at 12). According to the opinion of the judge denying the Article 78 petition, petitioner withdrew all of his other claims in a Reply Memorandum of Law and pressed only the claim that he was entitled to a re-appearance before the Parole Board in January 2011, rather than in February 2012, as scheduled at the second Board hearing. (Ex. J, Dkt. No. 10-10 at 3-4). The Supreme Court found that, because petitioner reappeared before the Parole Board in May 2011, following his resentencing on the new criminal conduct, petitioner's sole remaining claim was moot. (Ex. J, Dkt. No. 10-10 at 6-8). As noted above, petitioner unsuccessfully pursued his appellate rights with respect to the denial of his Article 78 petition with the New York

Appellate Division[3] and Court of Appeals.

## II. Generally Applicable Law

### A. The AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, when a state court has adjudicated the merits of a petitioner's claim, a federal court may grant an application for a writ of habeas corpus only if "the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also, e.g.*, *Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001); *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008). Under the AEDPA, a state court's factual findings are presumed correct, unless that presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court failed to decide a claim "on the merits," the pre-AEDPA standard of review applies, and both questions of law and mixed questions of law and fact are reviewed *de novo*. *Washington v. Shriver*, 255 F.3d 45, 55 (2d Cir. 2001).

### B. Exhaustion

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and

---

[3] Petitioner's brief to the Appellate Division again cited only New York state regulations, and no federal constitutional authority, in support of his argument that his parole reconsideration date should be moved up. (Ex. K, Dkt. No. 10-11 at 12).

6

correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation and other citations omitted)); 28 U.S.C. § 2254(b)(1). The prisoner must "fairly present" his claim in each appropriate state court, including the highest court with powers of discretionary review, thereby alerting that court to the federal nature of the claim. *Id.*; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994).

### C. Procedural Bar

A federal judge may not issue a writ of habeas corpus if an adequate and independent state-law ground justifies the prisoner's detention, regardless of the federal claim. *See Wainwright v. Sykes*, 433 U.S. 72, 81-85 (1977). A federal habeas court generally will not consider a federal issue in a case if a state court decision "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)) (emphasis added). This rule applies whether the independent state law ground is substantive or procedural. *Id.*

A state prisoner who has procedurally defaulted on a federal claim in state court may only obtain federal habeas review of that claim if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or if he can show that he is "actually innocent." *Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) (internal quotation and citations omitted). "Cause" exists if "the prisoner can show that some objective factor external to the defense impeded counsel's effort to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488

7

(1986). Prejudice exists if there is a "reasonable probability" that the result of the proceeding would have been different absent the alleged constitutional violation. *Stickler v. Greene*, 527 U.S. 263, 289 (1999).

### D. Reaching the Merits of Unexhausted Claims

The habeas statute provides that a petition may be denied on the merits, notwithstanding the failure to exhaust state court remedies, assuming there is no procedural bar. 28 U.S.C. § 2254(b)(2). In the absence of specific guidance from the Second Circuit, lower courts in this circuit have applied two standards to determine whether a claim should be dismissed on the merits, notwithstanding the failure to exhaust. *See Hernandez v. Conway*, 485 F. Supp. 2d 266, 273 n.1 (W.D.N.Y. 2007). A majority of lower courts use a "patently frivolous" standard, while others use a "non-meritorious" standard, dismissing a claim when it is "perfectly clear that the [petitioner] does not raise even a colorable federal claim." *Id.* (collecting cases).

## III. Analysis

### A. Exhaustion/Procedural Default

Respondent's Memorandum of Law (at 8), argues that petitioner's state-court challenge to the timeliness of his parole reconsideration hearings failed to put the courts on notice of any related federal or constitutional claim, and that, therefore, petitioner did not exhaust his state court remedies with respect to this claim. "A habeas petitioner has a number of ways to fairly present a claim in state court without citing 'chapter and verse' of the Constitution, including '(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing

8

constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'" *Hernandez v. Conway*, 485 F. Supp. 2d at 273 (quoting *Daye v. Attorney General*, 696 F.2d 186, 194 (2d Cir.1982)).

As noted above, petitioner's state-court papers, arguing that he was entitled to 13 months of "credit" due to alleged delays in his second parole hearing, was supported only by references to 9 N.Y.C.R.R. § 8002.3(d), which requires that a board denying parole to specify a date for reconsideration within 24 months. Petitioner did not reference or allude to any federal constitutional aspect of his claim in any way that put the state courts on fair notice that he was pursuing a procedural due process or federal other constitutional claim.[4] Hence, petitioner failed to exhaust this claim.

If a petitioner has failed to exhaust his state-court remedies, but such remedies are no longer available, then his claims are "deemed" exhausted, but may also be barred by procedural default. *See Bossett v. Walker*, 41 F.3d at 828; *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). Petitioner's claim may be deemed exhausted, but is procedurally barred, because he has no state-court forum in which he could now raise

---

[4] As referenced above, petitioner's administrative appeal with the Division of Parole, claimed, *inter alia*, that the actions of the first Board were "unconstitutional" because they denied him parole and held him 37 months until his next hearing. There was no other indication that petitioner was raising a federal procedural due process claim, as opposed to a claim under the New York constitution or regulations. In some of his state court papers, petitioner may have adequately referenced a substantive due process claims with respect to the denial of his parole. However, the instant Section 2254 petition only challenges the delays in the scheduling of petitioner's reconsideration hearings, not the substantive denial of parole.

9

the claim. Petitioner cannot bring an additional administrative appeal of the Parole Board's decision, because he must file any notice of appeal within thirty days of the decision. 9 N.Y.C.R.R. § 8006.1(b) (an administrative appeal must be filed within thirty days of receipt of the Parole Board's final written decision, or it is waived). Nor can petitioner bring another Article 78 petition because the four month statute of limitations has expired. N.Y.C.P.L.R. § 217(1) ("a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final"). *See, e.g.*, *Johnson v. Carlsen*, 09-CV-66 (GTS/DRH), 2010 WL 1817343, at *3 (N.D.N.Y. March 29, 2010) (Report and Recommendation), *adopted*, 2010 WL 1837779 (N.D.N.Y. May 5, 2010); *Roundtree v. Bartlett*, 10-CV-633, 2011 WL 5827315, at *4 (W.D.N.Y. Nov. 18, 2011).

Petitioner can overcome a procedural default if he can show "cause" for the default and actual prejudice relating to his failure to file a timely notice of administrative appeal or an Article 78 motion, or that failure to consider the claims will result in a "fundamental miscarriage of justice." However, petitioner has shown no cause for failing to present his unexhausted claims to the state courts in federal constitutional terms. Where a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Blanchard v. West*, 9:04-CV-1492 (DNH/RFT), 2008 WL 2949388, at *4 (N.D.N.Y. July 30, 2008) (citing, *inter alia*, *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir.1985)).

In any event, petitioner cannot show prejudice, because the Parole Board, in two subsequent redetermination hearings, denied him parole on the merits, indicating that the result of parole proceedings would have been no different if the redetermination hearings had been held earlier. Moreover, as discussed below, petitioner cannot demonstrate prejudice or a fundamental miscarriage of justice because his claims of delay in his redetermination hearings fail to state a meritorious federal, constitutional claim. See, e.g., *Johnson v. Carlsen*, 2010 WL 1817343, at *3; *Roundtree v. Bartlett*, 2011 WL 5827315, at *5.

### B. Failure to State a Meritorious Federal Claim/Mootness

Petitioner claims that, by failing to reconsider his status within 24 months of his denial in January 2007, the Parole Board violated 9 N.Y.C.R.R. § 8002.3(d). This claim presents a non-cognizable question of state law–not a meritorious, non-frivolous, federal due process or other constitutional claim–and, in any event, is moot.

"In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001). The Second Circuit has repeatedly found that New York's parole scheme, which affords the Department of Probation discretion to grant or deny parole, "is not one that creates in any prisoner a legitimate expectancy of release." *Id*. at 171. While New York's statutory parole provisions establish "'guidelines . . . to structure the exercise of discretion, no entitlement to release is created.'" *Germenis v. N.Y.S. Dept. of Correctional Services*, 08 Civ. 8968, 2009 WL 2877646, at *3 (S.D.N.Y. Sept. 9,

2009) (citing *Booth v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979). Alleged delays with respect to parole proceedings, in violation of state statutes or regulations like 9 N.Y.C.R.R. § 8002.3(d), do not give rise to a viable due process claim "because prisoners in New York are not constitutionally entitled to a particular parole process." *Gomez v. Alexander*, 08 Civ. 8800, 2010 WL 1257331, at *5, 6 (S.D.N.Y. Mar. 24, 2010) (citing *Gordon v. Alexander*, 592 F. Supp. 2d 644, 651 (S.D.N.Y.2009) ("This [c]ourt is bound . . . by the determination of the Second Circuit that the New York State parole system does not vest prisoners with a liberty interest protected by the Fourteenth Amendment. Thus no process is constitutionally mandated and, on that ground alone, a claim alleging constitutionally burdensome delay must fail.") and *Germenis v. N.Y.S. Dept. of Correctional Services*, 2009 WL 2877646, at *3 ("[A]lleged violations of state law by and large do not create interests entitled to due process protection, and are matters for consideration by the state courts")).[5]

The claim raised in the instant petition raises an issue of state law that is not cognizable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68

---

[5] Even assuming, *arguendo*, that New York's parole system had created a liberty interest, petitioner's procedural due process rights would extend only "to an opportunity to be heard and a statement of the reasons why parole was denied." *Robles v. Dennison*, 449 F. App'x 51, 53 (2d Cir. 2011). Petitioner, who has had three parole hearings to date, does not allege that he was denied an opportunity to be heard or provided a statement of reasons for the denials. And, even if New York's parole system had created certain substantive due process rights, they would be limited to the right "against a parole denial for arbitrary or impermissible reasons." *Id.* at 53. As noted above, the petition in this case does not assert a substantive due process claim. *See also Graziano v. Lape*, 9:04-CV-84 (LEK/GJD), 2008 WL 2704361, at *7 (N.D.N.Y. July 2, 2008) (federal habeas review of New York parole decisions is limited to the question of whether the Parole Board acted for arbitrary or impermissible reasons; to the extent that petitioner is attempting to make a procedural argument based upon the parole regulations and state law, there is simply no federal constitutional question) (internal quotation and citations omitted).

12

(1999) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions[;] [i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). However, even if the petition suggested a meritorious or non-frivolous federal constitutional claim, that claim is clearly moot. The jurisdiction of the federal courts is restricted to live cases or controversies, under Article III, § 2, of the United States Constitution. Therefore, federal jurisdiction will exist only where the plaintiff has "suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). Petitioner's claim that his rights were violated because he did not have a timely redetermination hearing was rendered moot by the fact that he thereafter had two redetermination hearings and was denied parole each time. *See Gomez v. Alexander*, 2010 WL 1257331, at *5 (citing *Von Staich v. Curry*, 321 F. App'x 686, 687 (9th Cir. 2009) ("[Plaintiff] contends that the district court erred in concluding that his due process claim [concerning delay in holding a parole hearing] was moot because he received a hearing and was denied parole in May 2007. Von Staich already has received the only relief to which he might be entitled if his due process claim were successful[,]" *i.e.*, a new parole hearing.).

A court may relieve a party from the application of the mootness doctrine when presented with a matter that is "capable of repetition, yet evading review." *Olmstead v. Zimring*, 527 U.S. 581, 594 n. 6 (1999). An otherwise moot question falls under the "capable of repetition" exception when the challenged condition was too brief in

13

duration to permit litigation prior to its cessation or expiration, and there is a reasonable expectation that the complaining party will be subjected to the same action again. *Weinsten v. Bradford*, 423 U.S. 147, 149 (1975). Here, however, the situation about which petitioner complains is clearly not capable of repetition. Petitioner's second parole hearing was delayed beyond 24 months because he was convicted of a new crime, causing his parole eligibility date to be recalculated. Since the time of the challenged delay, during which petitioner's sentence on the new conviction was vacated and then petitioner was convicted after a retrial and resentenced, petitioner has had another hearing within less than the 24-month period required by state regulations.

**WHEREFORE**, based on the findings above, it is **RECOMMENDED**, that the petition be **DENIED and DISMISSED**, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**</u> *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**Dated:** July 17, 2013

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

14