**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

INJAH TAFARI,

                     Petitioner,                 9:12-cv-985
                                                                            (GLS/ATB)

            v.

SUPERINTENDENT,

                     Respondent.
_____

## SUMMARY ORDER

Petitioner *pro se* InJah Tafari commenced this habeas action pursuant to 28 U.S.C. § 2254, making a claim that his due process rights were violated in relation to the timing of a New York parole release decision. (*See generally* Pet., Dkt. No. 1.) In a Report-Recommendation (R&R) dated July 17, 2013, Magistrate Judge Andrew T. Baxter recommended that Tafari's petition be denied and dismissed, and that he be denied a certificate of appealability. (Dkt. No. 11.) Pending is Tafari's objection to the R&R. (Dkt. No. 12.) For the reasons that follow, the R&R is adopted in its entirety.[1]

Before entering final judgment, this court routinely reviews all report

---

[1] A recitation of the relevant facts, which are fully set forth in the R&R, (Dkt. No. 11 at 3-6), is omitted given the parties familiarity with them.

and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[2] *See id.*

Tafari objects to the R&R by relying upon 9 N.Y.C.R.R § 8002.3 "as controlling [a]uthority," (Dkt. No. 12 at 3), and arguing that "even in the absence of a state-created liberty interest in parole release, 'there is an entitlement to a process of decision-making, which comports with the statutory guidelines of consideration to [all] relevant statutory factors,'" (*id.* at 2 (quoting *Graziano v. Pataki*, No. 06 Civ. 0480, 2006 WL 2023082, at *7 (S.D.N.Y. July 17, 2006)). The cases cited by Tafari indicate that it is his position that the State's failure to comply with the twenty-four-month parole reconsideration requirement of 9 N.Y.C.R.R. § 8002.3(d) violated

---

[2] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

his right to due process.  (*Id.*)  While liberal construction of Tafari's objection implicates a specific attack on Judge Baxter's finding that his claim "presents a non-cognizable question of state law," Tafari makes no objection to the R&R's recommendations that his petition be dismissed because it is procedurally barred and moot.  (Dkt. No. 11 at 9-14.)

While Tafari's specific objection would ordinarily trigger *de novo* review, review for only clear error is warranted where, as here, the objection is irrelevant to the recommendation.  *See Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *2 (N.D.N.Y. Jan. 22, 2014); *Brobston v. Schult*, No. 9:10-cv-242, 2011 WL 5325778, at *1-2 (N.D.N.Y. Nov. 3, 2011).  In other words, even if Tafari could persuade the court that his claim is cognizable under § 2254, his failure to interpose any objection to the other bases for Judge Baxter's recommendation of dismissal gives rise to review for clear error only.  Having carefully reviewed the R&R for clear error and finding none, the court adopts it in its entirety.

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report-Recommendation (Dkt. No. 11) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Tafari's petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that, because Tafari has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue pursuant to 28 U.S.C § 2253(c); and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

May 29, 2014
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court